## Burnard, Appellant, *v.* Burnard.

*Divorce—Cruel and barbarous treatment—Indignities to the person—Evidence.*

A divorce in ex parte proceedings will not be granted to a wife on the ground of cruel and barbarous treatment and indignities to the person, where the evidence shows that the parties lived together for only three and one-half months in the house of the wife's father when the husband left her; that while they lived together, the husband at times referred to relations which he had previously sustained with another woman, for the purpose of giving his wife the impression that he still loved his former companion more than he did his wife; that there was no proof that the woman he spoke about had any existence; that the husband offered slights to his wife on several occasions; and there was no attempt made to show that such course of treatment was continuous.

Argued March 7, 1918. Appeal, No. 19, March T., 1918, by plaintiff, from decree of C. P. Luzerne Co., May T.; 1916, No. 669, refusing divorce in case of Margaret E. Burnard v. Norvin T. Burnard. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Libel for divorce.
The court entered a decree refusing the divorce.

*Error assigned* was the decree of the court.

62, (1918).]          Opinion of the Court.

*Frank A. McGuigan,* with him *James P. Costello,* for appellant, cited: Crawford v. Crawford, 64 Pa. Superior Ct. 33; Ponthus v. Ponthus, 66 Pa. Superior Ct. 257.

No printed brief for appellee.

OPINION BY TREXLER, J., July 10, 1918:

The grounds for the divorce are cruel and barbarous treatment, endangering the life of the libellant, and indignities to the person such as to render her condition intolerable and life burdensome, and thereby compelling her to withdraw from his home.

The parties lived together from July 2d to October 20th, a little more than three and one-half months. The testimony shows that four days after the marriage the husband expressed regret to his wife that he had previously sustained relations with another woman. Occasionally thereafter he would refer to the subject and sought to give his wife the impression that he still loved his former companion more than he did his wife, and that he desired to go back to his prior attachment. His sole purpose appears to have been to play on the feelings of his wife, in order that she might be willing to separate from him. There is no proof that the woman he spoke about had any existence; she disappears from the narrative on August 19th and does not figure after that date.

Other testimony in the case in support of the libel is that the husband offered slights to his wife on several occasions and did not give her the notice she deserved as his wife. It amounts to nothing. The same may be said of the testimony in regard to the physical violence. The proceedings were entirely ex parte. There was no attempt made to show that the course of treatment complained of was continuous and we may infer there were intervals when the relations between the parties were normal. It is very evident that the husband soon tired of his wife and tried to get rid of her and that she had no objection to his doing so. As was said by the learned

judge of the court below, "The facts show the respond‚ ent to have been a fool rather than a cruel and barbarous husband from whose treatment her life was at any time in danger.    Nor were the alleged indignities to her person of such a character and so continuous as would have justified her withdrawal from his house and family if they had been living at his home instead of her father's. ...... The experiment entered into so romantically by a runaway marriage had ended in four months in a runaway husband, but we cannot put a premium on future experiments by making divorce so easy."

Judgment affirmed.